**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**(Charleston Division)**

| | |
|---|---|
| BISHOP OF CHARLESTON, a Corporation Sole, d/b/a The Roman Catholic Diocese of Charleston; <br><br> and <br><br> SOUTH CAROLINA INDEPENDENT COLLEGES AND UNIVERSITIES, Inc. <br><br> *Plaintiffs*, <br><br> v. <br><br> MARCIA ADAMS, in her official capacity as the Executive Director of the South Carolina Department of Administration; and <br><br> BRIAN GAINES, in his official capacity as budget director for the South Carolina Department of Administration; and <br><br> HENRY MCMASTER, in his official capacity as Governor of South Carolina, <br><br> *Defendants*. | Case No.: 2:21-cv-1093-BHH <br><br><br> **PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION AND MOTION TO SET A BRIEFING & ARGUMENT SCHEDULE** |

1. On April 14, 2021, Plaintiffs filed a Complaint against Defendants alleging violations of the First and Fourteenth Amendments based on the South Carolina state constitution's Blaine Amendment.

2. This Blaine Amendment is the justification for denying Plaintiffs access to two time-sensitive pots of funds: the Governor's Emergency Education Relief (GEER) program and Act 154's State Agencies, Local Governments, and Higher Education Institutions program.

**A. The Governor's Emergency Education Relief (GEER) Program.**

2

3. Governor McMaster submitted South Carolina's application for GEER funds on May 8, 2020. It was approved by the U.S. Department of Education on May 11, 2020.

4. The Governor announced his intention to award $2.4 million dollars to the historically black colleges and universities (HBCUs), five of which belong to Plaintiff SCICU, on July 9, 2020. The six private/religious HBCUs stood to receive a little over $1.6 million, with the balance going to the two public HCBUs.

5. The Governor announced his intention to award $32 million of those funds to the "Safe Access to Flexible Education" (SAFE) grants program on July 20, 2021. The SAFE grants could be used at private and religious K-12 schools, including the 33 Catholic schools in South Carolina organized under Plaintiff the Bishop of Charleston.

6. In its exercise of original jurisdiction of the suit against the Governor and Department of Administration, by parties seeking to prevent the SAFE grants, the South Carolina Supreme Court ruled that the South Carolina Constitution's Blaine Amendment prohibited the Governor from putting into effect his SAFE program on October 7, 2020.

7. The Governor filed for rehearing on October 23, 2020, which the South Carolina Supreme Court substantively denied on December 9, 2020.

8. The South Carolina Supreme Court's ruling included only a declaratory judgment against the Governor and other defendants. "We further find the issuance of an injunction unnecessary, as we are assured Governor McMaster, as a duly elected constitutional officer of this State, will adhere to this Court's decision." *Adams v. McMaster*, 851 S.E.2d 703, 713 (S.C. 2020).

9. Advocates for the SAFE program worked to secure clear preemption language for the GEER program in the federal Coronavirus Response and Relief Supplemental Appropriations Act (enacted December 27, 2020) and the America's Rescue Plan (enacted March 11, 2021). They

failed. *See Adams*, 851 S.E.2d at 712 (discussing the lack of sufficient preemption language in the CARES Act provisions relative to GEER).

10. Under the U.S. Department of Education's policies for GEER funds, "Each Governor must award the State's allocation under the GEER Fund to eligible entities within one year of receiving the State's allocation. Any funds that the Governor fails to award by the one-year deadline must be returned to the Department for reallocation to the remaining States." *Frequently Asked Questions about the Governor's Emergency Education Relief Fund* (GEER Fund), A-12.

11. For the State of South Carolina, that award deadline is May 11, 2021.

12. Once the grant recipients receive the GEER funds from the State, they have until September 30, 2022, to spend them. *Id*., A-18.

13. The SAFE grant and HBCU grant funds are currently designated for Plaintiffs and the other recipients announced by the Governor in July. However, the Blaine Amendment is preventing him and the other defendants from executing these grant programs. If this Court does not act promptly, the Governor will be forced to either reallocate the funds to other purposes, thus denying them to Plaintiffs in violation of their constitutional rights, or let them go to other states, again denying them to Plaintiffs, again because of an unconstitutional provision of the South Carolina Constitution.

14. The only solution is this Court's expedited consideration of a motion for a preliminary injunction to ensure the State does not lose out on potentially $35 million in federal funds.

**B. The Act 154 relief program for higher education institutions.**

15. Act 154 was passed anticipating that the funds involved had to be spent by the CARES Act-imposed deadline of December 31, 2020. To ensure they were promptly distributed,

3

the Department of Administration set an application deadline of November 15, 2020. The SCICU members applied by that deadline.

16. Subsequently, the Coronavirus Response and Relief Supplemental Appropriations Act extended the federal CARES deadline for the states to make awards from these funds to December 31, 2021.

17. The state treasury currently has custody of approximately $88 million in this account. (Exhibit A to Perez Declaration).

18. The Department of Administration is considering applications for these funds, but Defendant Adams has made clear in correspondence to SCICU that its members will not receive any of these funds due to the Blaine Amendment. (Exhibit B to Perez Declaration).

**C. Motions for a Preliminary Injunction and a Briefing and Argument Schedule.**

19. The Plaintiffs therefore move under Federal Rule of Civil Procedure 65 for a preliminary injunction barring the State Defendants from relying on the unconstitutional Blaine Amendment as a basis for denying access to both the GEER funds and the Act 154 funds. They are simultaneously filing a memorandum in support.

20. The Plaintiffs are sending the complaint, this motion, and the memorandum in support electronically to counsel for the State Defendants immediately after its filing. They will also deliver paper copies to counsel for State Defendants via courier the same day these papers are filed.

21. Plaintiffs respectfully move that this Court enter a briefing schedule that gives the State Defendants one week to respond to the motion for a preliminary injunction (*i.e.,* Wednesday, April 21), and two days for the Plaintiffs to file a reply brief (*i.e.,* Friday, April 23).

22.     Plaintiffs ask that the Court schedule a hearing, it if believes one is necessary, for shortly after the briefing is complete.  If the Court has no other time available besides April 22nd or 23rd, the Plaintiffs waive their right to reply and will raise any points in reply at argument.

23.     Plaintiffs respectfully ask that the Court decide the preliminary injunction motion by Friday, May 7, 2021, to ensure the Governor has time to allocate the GEER funds by the Tuesday, May 11, 2021, deadline set by the U.S. Department of Education.  Plaintiffs provided copies of the Complaint that was filed and the Motion for Preliminary Injunction and Memorandum in Support by email on April 15 to afford the government's attorneys as much time as possible to respond.

**TURNER PADGET GRAHAM AND LANEY**

*/s/ Richard S. Dukes, Jr.*
Richard S. Dukes, Jr., Federal ID No. 7340
40 Calhoun Street, Suite 200
Charleston, SC 29401
Phone: (843) 576-2810
Fax: (843) 577-1646
Email:  rdukes@turnerpadget.com

**LIBERTY JUSTICE CENTER**

*/s/ Daniel R. Suhr*
Daniel R. Suhr
Brian K. Kelsey
Jeff Jennings
208 S. LaSalle St. Suite 1690
Chicago, IL 60604
dsuhr@libertyjusticecenter.org
bkelsey@libertyjusticecenter.org
jjennings@libertyjusticecenter.org
*Pro hac motions forthcoming*

*Attorneys for Plaintiffs*

Dated: April 15, 2021