

**THE SOUTH CAROLINA
DEPARTMENT of ADMINISTRATION**

**Henry McMaster**, *Governor*
**Marcia S. Adams**, *Executive Director*

**OFFICE *of* THE EXECUTIVE DIRECTOR**

October 13, 2020

Sent via email:    jeff@scicu.org

Dr. L. Jeffrey Perez
President and CEO
S.C. Independent Colleges and Universities
1706 Senate Street
Columbia, S.C. 29211

Re:     Adams v. McMaster and Act 154

Dear Dr. Perez:

I am writing to discuss the impact of the recent decision of the South Carolina Supreme Court in *Adams, et al. v. McMaster, et al.*, App. Case No. 2020-001069 (*Adams*), on the ability of the South Carolina Department of Administration ("Admin) to disburse money under Section 3(G) of Act No. 154 of 2020 ("Act 154") to independent colleges and universities. We have reviewed this matter internally and received an opinion from outside counsel concerning the effect of *Adams* on Act 154. The ultimate conclusion of our review and the opinion of outside counsel is that Admin must refrain from disbursing money to independent colleges and universities under the Act without further judicial direction. As set out more fully below, our conclusion is based on the Supreme Court's determination in *Adams*' that funds received by the State through the "Coronavirus Aid, Relief, and Economic Security Act" (the "CARES Act") are public funds, and that providing CARES Act funds directly to private or religious educational institutions violates the South Carolina Constitution.

Act 154 authorizes expenditure of federal funds received by the State of South Carolina under the CARES Act. Section 3(G) of the Act states as follows:

> SECTION   3.   State agencies and higher education institutions are authorized to expend federal funds in the Coronavirus Relief Fund if the expenditure is in compliance with the CARES Act. The Executive Budget Office is authorized to reimburse from the Coronavirus Relief Fund, up to the amounts listed below in each category, expenditures compliant with the CARES Act by the following sectors: state agencies, institutions of higher learning, counties, municipalities, special purpose districts, public and private hospitals, nonprofit and minority and small businesses.
>
> . . .
>
> (G) State, Local Government, Independent College and University Expenditures – $115,000,000

**South Carolina Department of Administration**
1200 Senate Street, Suite 460 Columbia, SC 29201
Post Office Box 2825, Columbia, SC 29211

Ph: 803.734.8120
Fx: 803.734.9002
www.admin.sc.gov



Perez Declaration - Exhibit B

Dr. Perez
October 13, 2020
Page Two (2)

Section 10(2) of Act 154 provides:

> Independent colleges and universities that are member institutions of the South Carolina Independent Colleges and Universities nonprofit corporation are authorized to apply for reimbursement of expenditures that were necessary for the response to the COVID-19 public health emergency incurred, or expected to be incurred, between March 1, 2020, and December 30, 2020. Bob Jones University and Clinton College are also authorized to apply for reimbursement of expenditures that were necessary for the response to the COVID-19 public health emergency that were incurred, or expected to be incurred, between March 1, 2020, and December 30, 2020.

In *Adams*, the South Carolina Supreme Court concluded that the Governor's allocation of $32 million in GEER funds to support the SAFE Grants Program constitutes a violation of Article XI, Section 4 of the South Carolina Constitution.

Article XI, Section 4 of the South Carolina Constitution provides:

> No money shall be paid from public funds nor shall the credit of the State or any of its political subdivisions be used for the direct benefit of any religious or other private educational institution

In reaching its conclusion, the Supreme Court relied on two key factors: 1) GEER funds provided to the State through the federal CARES Act are "public funds," and 2) using GEER funds to provide tuition grants for students to attend private schools is a "direct benefit" to those private schools as the SAFE Grants are directly transferred from the State Treasury to the particular private school.

Based on these two key factors, outside counsel advises that it is likely that the Supreme Court would also find that (1) federal funds provided to South Carolina under the CARES Act, and made available to the state and local government entities and independent colleges and universities, are "public funds," and (2) payments to independent colleges and universities under the Act are a "direct benefit" to the institutions, and therefore, violative of S.C. Const. art. XI, § 4. Accordingly, counsel advises that Admin should "refrain from disbursing money to independent colleges and universities under the Act unless the Supreme Court provides further direction that would change the analysis described above."

We certainly understand that independent colleges and universities have been adversely affected by and incurred expenses related to the COVID-19 public health emergency. Admin cannot, however, ignore what appears to be a clear determination by the South Carolina Supreme Court that the distribution of public funds, like CARES Act funds, directly to private educational institutions is prohibited by our State Constitution. I can be available at your convenience to discuss this matter further.

Sincerely,

*Marcia S. Adams*

Marcia S. Adams

CC:   The Honorable Henry D. McMaster, Governor, State of South Carolina
      The Honorable James H. Lucas, Speaker, S.C. House of Representatives
      The Honorable G. Murrell Smith, Jr., Chairman, S. C. House Ways & Means
      The Honorable Harvey S. Peeler, Jr., President, S. C. Senate
      The Honorable Hugh K. Leatherman, Sr., Chairman, Senate Finance Committee

Perez Declaration - Exhibit B