# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### (Charleston Division)

|  |  |
|---|---|
| BISHOP OF CHARLESTON,<br>    a Corporation Sole, d/b/a The Roman<br>      Catholic Diocese of Charleston<br><br>and<br><br>SOUTH CAROLINA INDEPENDENT<br>COLLEGES AND UNIVERSITIES, Inc.<br><br>     *Plaintiffs*,<br><br>  v.<br><br>MARCIA ADAMS, in her official capacity as<br>the Executive Director of the South Carolina<br>Department of Administration; and<br><br>BRIAN GAINES, in his official capacity as<br>budget director for the South Carolina<br>Department of Administration; and<br><br>HENRY MCMASTER, in his official<br>capacity as Governor of South Carolina,<br><br>    *Defendants*. | Case No.  2:21-cv-1093-BHH<br><br><br><br>**ANSWER OF<br>MARCIA ADAMS AND BRIAN GAINES** |

NOW COME Defendants Marcia Adams, in her official Capacity as Executive Director of the South Carolina Department of Administration, and Brian Gaines, in his official capacity as the Budget Director for the South Carolina Department of Administration (hereinafter the "SCDOA Defendants"), by and through counsel, and answer the allegations of the Plaintiffs' Amended Complaint, denying all allegations not otherwise admitted, as follows:

## PARTIES, JURISDICTION & VENUE

1.      In Paragraphs 1 through 14 of the Amended Complaint, Plaintiffs attempt to describe the parties to this action, the nature of their causes of action, and the basis for jurisdiction and venue in this matter.  To the extent Plaintiffs seek money damages from any of the SCDOA Defendants, the Amended Complaint must be dismissed.

2.      Sovereign immunity under the Eleventh Amendment protects the State, as well as its agencies, divisions, departments, and officials. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 78, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).  Thus, an officer of a State acting in his or her official capacity is entitled to sovereign immunity from claims for *money* damages.  *Id.* at 70, 109 S.Ct. 2304.  However, under the *Ex Parte Young* exception, a defendant may nonetheless be sued in his official capacity for "prospective, injunctive relief ... to prevent ongoing violations of federal law." *McBurney v. Cuccinelli*, 616 F.3d 393, 399 (4th Cir. 2010) (citing *Ex Parte Young*, 209 U.S. 123, 159–60, 28 S.Ct. 441, 52 L.Ed. 714 (1908)); *Wei-ping Zeng v. Marshall Univ.*, 370 F. Supp. 3d 682, 690 (S.D.W. Va. 2019).

3.      Unless otherwise admitted, the SCDOA Defendants deny each and every allegation of Paragraphs 1 through 14 of the Amended Complaint, and hereby demand strict proof thereof.

## FACTUAL ALLEGATIONS

4.      In Paragraphs 15 through 52 of the Amended Complaint, Plaintiffs set forth allegations intended to support their claims.  To the extent that these allegations are not supported by the record before the Court, they are denied.  To the extent that the allegations are intended to support a finding that the SCDOA Defendants have acted inappropriately in any manner, or should be subject in any way to liability, they are denied.

5.     Unless otherwise admitted, the SCDOA Defendants deny each and every allegation of Paragraphs 15 through 52 of the Amended Complaint, and hereby demand strict proof thereof.

## FOR A FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983 – Equal Protection)

6.     The SCDOA Defendants incorporate their responses to each of the allegations in the Plaintiffs' Amended Complaints as if fully set forth herein.

7.     Paragraphs 53 through 59 of Plaintiffs' Amended Complaint largely contain legal conclusions, but to the extent that they contain allegations that require a response, they are denied, and strict proof is demanded thereof.

## FOR A SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983 – Free Exercise of Religion)

8.     The SCDOA Defendants incorporate their responses to each of the allegations in the Plaintiffs' Amended Complaints as if fully set forth herein.

9.     Paragraphs 60 through 70 of Plaintiffs' Amended Complaint largely contain legal conclusions, but to the extent that they contain allegations that require a response, they are denied, and strict proof is demanded thereof.

**NOW, THEREFORE**, having fully answered the Plaintiffs' Complaint herein, the Defendant now sets forth its Defenses and Affirmative Defenses.

## FOR A FIRST DEFENSE

1.     To the extent that Plaintiffs lack standing to present and prosecute the claim(s) set forth in the Amended Complaint, it must be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**FOR A SECOND DEFENSE**

2.    To the extent that Plaintiffs fail to allege facts in the Amended Complaint sufficient to constitute any cause of action or any claim upon which relief may be granted against these Defendants under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be dismissed.

**FOR A THIRD DEFENSE**

3.    An individual defendant who is a state official acting in his or her official capacity is not subject to suit for money damages under the provisions of 42 U.S.C. § 1983 as a matter of law.

**FOR A FOURTH DEFENSE**

4.    Because these Defendants have not and did not violate any clearly established federal, statutory, or constitutional rights, they are entitled to qualified immunity as a complete bar to any federal claims against them in this action as a matter of law.

**FOR A FIFTH DEFENSE**

5.    To the extent Plaintiffs have alleged a cause of action under 42 U.S.C. § 1983 against state agencies or individuals in their official capacities, the claims are barred by the Eleventh Amendment to the U.S. Constitution and must be dismissed.

**FOR A SIXTH DEFENSE**

6.    The conduct of these Defendants is not the proximate cause of the Plaintiffs' alleged injuries, if any exist, and for that reason, Plaintiffs' claims must be dismissed.

WHEREFORE, having fully set forth their Answer, the SCDOA Defendants pray for an Order of this Court as follows:

1.    The relief sought by Plaintiffs be denied in each and every respect.

2.    The claims asserted by Plaintiff be dismissed in their entirety with prejudice; and

3.    The SCDOA Defendants be awarded costs and attorney's fees under any applicable

case and statutory laws and such other and further relief as this Court may deem just and proper.

Dated this the 10th day of May, 2021.

Respectfully submitted,

RICHARDSON PLOWDEN & ROBINSON, P.A.

        s/Eugene H. Matthews
Eugene H. Matthews
Post Office Drawer 7788
Columbia, South Carolina 29202
T: (803) 771-4400
F: (803) 779-0016
E-mail: gmatthews@RichardsonPlowden.com

**COUNSEL FOR MARCIA ADAMS, IN HER OFFICIAL CAPACITY AS THE EXECUTIVE DIRECTOR OF THE SOUTH CAROLINA DEPARTMENT OF ADMINISTRATION, AND BRIAN GAINES, IN HIS OFFICIAL CAPACITY AS BUDGET DIRECTOR FOR THE SOUTH CAROLINA DEPARTMENT OF ADMINISTRATION**