IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| BISHOP OF CHARLESTON, a Corporation Sole, d/b/a The Roman Catholic Diocese of Charleston, and SOUTH CAROLINA INDEPENDENT COLLEGES AND UNIVERSITIES, INC., <br><br> *Plaintiffs,* <br><br> v. <br><br> MARCIA ADAMS, in her official capacity as the Executive Director of the South Carolina Department of Administration; BRIAN GAINES, in his official capacity as budget director for the South Carolina Department of Administration; and HENRY MCMASTER, in his official capacity as Governor of the State of South Carolina, <br><br> *Defendants.* | Civil Action No.: 2:21-cv-1093-BHH <br><br><br> **NOTICE OF TAKING VIDEO-CONFERENCE DEPOSITION OF CHARLES GLENN** |

TO:   RICHARD S. DUKES, JR., ESQUIRE, OF TURNER PADGET GRAHAM LANEY, ATTORNEYS FOR THE ABOVE-NAMED PLAINTIFFS:

YOU WILL PLEASE TAKE NOTICE that at 10:00 a.m. on Tuesday, August 31, 2021, counsel for the Defendant, Henry McMaster, in his official capacity as Governor of the State of South Carolina, will take the video-conference deposition of Charles Glenn, upon oral examination before a Notary Public or some other official authorized by law to take depositions pursuant to Rule 30 and 30(b)(4) of the Federal Rules of Civil Procedure. This deposition will continue day to day until such time as it is completed, and you are invited to attend and take such part as is fit and proper.



DEFENDANT'S
EXHIBIT
1
Glenn  8-31-21

ROBINSON GRAY STEPP & LAFFITTE, LLC

By: /s/ Vordman Carlisle Traywick, III
Vordman Carlisle Traywick, III
Fed ID No. 12483
ltraywick@robinsongray.com
1310 Gadsden Street
Post Office Box 11449
Columbia, South Carolina 29211
(803) 929-1400

Counsel for Defendant Henry McMaster,
in his official capacity as Governor of the State of South
Carolina

Columbia, South Carolina
August 25, 2021

## CERTIFICATE OF SERVICE

I, the undersigned paralegal, of the law offices of Robinson Gray Stepp & Laffitte, LLC, attorneys for Defendants, do hereby certify that I have served all counsel in this action with a copy of the pleading(s) hereinbelow specified by mailing a copy of same to counsel via email and United States Mail, postage prepaid, at the following address(es):

Pleadings:

    Notice of Taking Video-Conference Deposition of Charles Glenn

Counsel Served:

    Richard S. Dukes, Jr., Esquire
    Turner Padget Graham Laney
    40 Calhoun Street, Suite 200
    Charleston, SC 29401

    Daniel R. Suhr, Esquire
    Jeff Jennings, Esquire
    Liberty Justice Center
    208 South LaSalle St, Suite 1690
    Chicago, IL 60604

    Eugene H. Matthews, Esquire
    Richardson Plowden & Robinson, P.A.
    Post Office Drawer 7788
    Columbia, SC 29202

    Thomas A. Limehouse, Jr., Esquire
    Wm. Grayson Lambert, Esquire
    Office of the Governor
    South Carolina State House
    1100 Gervais Street
    Columbia, SC 29201

/s/ Teresa Barnes
Teresa Barnes

August 25, 2021

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of South Carolina
Charleston Division

| | |
|---|---|
| Bishop of Charleston, a Corporation Sole, d/b/a The Roman Catholic Diocese of Charleston, and South Carolina Independent Colleges and Universities, Inc., *Plaintiffs* vs. Marcia Adams, in her official capacity as the Executive Director of the South Carolina Department of Administration; Brian Gaines, in his official capacity as budget director for the South Carolina Department of Administration; and Henry McMaster, in his official capacity as Governor of the State of South Carolina. *Defendants* | Civil Action No.: 2:21-cv-1093-BHH<br><br>Pending In USDC of SC, Charleston Division |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:     Charles Glenn
        c/o Richard S. Dukes, Jr., Esquire
        Turner Padget Graham Laney
        40 Calhoun Street, Suite 200
        Charleston, South Carolina 29401

*(Name of person to whom this subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: VIA VIDEO-CONFERENCE | Date and time: August 31, 2021 10:00 AM |
|---|---|

The deposition will be recorded by this method: certified court reporter

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

SEE ATTACHMENT A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: August 25, 2021

         *CLERK OF COURT*                                    OR    /s/ *[signature]*

         _____                                  _____
         *Signature of Clerk or Deputy Clerk*                      *Attorney's Signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Henry McMaster, in his official capacity as Governor of the State of South Carolina, who issues or request this subpoena are: Vordman Carlisle Traywick, III, Esq. 1310 Gadsden Street, Columbia, SC 29201 ltraywick@robinsongray.com (803)929-1400

**Notice to the person who issues or requests this subpoena**

Exhibit B to Def. McMaster's Motion in LImine

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

Civil Action No. 2:21-cv-1093-BHH

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Charles Glenn.
on *(date)* _.

☒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's Signature*

_____
*Printed name and title*

_____
*Server's Address*

Additional information regarding attempted service, etc.:

_____
_____
_____
_____

Exhibit B to Def. McMaster's Motion in LImine

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 4)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   (i) is a party or a party's officer; or
   (ii) is commanded to attend a trial and would not incur substantial expense.

 *(2) For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 *(2) Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 *(3) Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information; or
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 *(2) Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

## ATTACHMENT A

A. A complete copy of your entire file pertaining to this litigation
B. A copy of your most current curriculum vitae
C. A list of all litigation in which you have been retained as an expert witness for the last 5 years, indicating for each case the party who retained you
D. Copies of all correspondence, memoranda, notes, investigation, photographs, records, reports, letters, emails, or any other items gathered or created in the course of your investigation upon which you rely to render opinions you intend to express in this case
E. A list of all books, treatises, articles, publications, newspapers, or materials upon which you rely to formulate your opinions in this case
F. All reports and opinions, whether preliminary draft or final, created or authored by you, your university or business entity, or anyone under your direction in connection with this case, including all reports created, regardless of whether they were delivered to Plaintiffs' counsel
G. Copies of all materials provided to you by Plaintiffs' counsel or Plaintiffs or their officers, employees, or representatives in connection with this case
H. An itemized list of time, charges, and expenses for services rendered and opinions expressed in this case on behalf of Plaintiffs, including an itemization of said services performed by any persons you employed to assist in this case
I. A copy of all records that detail the date you were contacted by Plaintiffs' counsel to serve as an expert witness in this litigation
J. Copies of any communications exchanged by and between you and Plaintiffs' counsel or Plaintiffs or their officers, employees, or representatives in connection with this matter, including text messages, emails and any attachments, letters, and phone records

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| BISHOP OF CHARLESTON, a Corporation Sole, d/b/a The Roman Catholic Diocese of Charleston, and SOUTH CAROLINA INDEPENDENT COLLEGES AND UNIVERSITIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MARCIA ADAMS, in her official capacity as the Executive Director of the South Carolina Department of Administration; BRIAN GAINES, in his official capacity as budget director for the South Carolina Department of Administration; and HENRY MCMASTER, in his official capacity as Governor of the State of South Carolina, <br><br> Defendants. | Civil Action No.: 2:21-cv-1093-BHH <br><br> **ACCEPTANCE OF SERVICE** |

I, Richard S. Dukes, Jr, Esquire, hereby accept service of the Subpoena Duces Tecum for Charles Glenn's attendance at video-conference deposition on August 31, 2021 beginning at 10:00 a.m., this 30th day of August, 2021.

Richard S., Dukes, Jr., Esquire
Turner Padget Graham Laney
40 Calhoun Street, Suite 200
Charleston, SC 29401